# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO J. TORRES,<br><br>  Plaintiff,<br><br>  v.<br><br>GOV. JERRY BROWN,<br><br>  Defendant. | Case No.  1:13-cv-00785-SAB PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

**I.**

**SCREENING REQUIREMENT**

Plaintiff Antonio J. Rodriguez, a state prisoner appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, filed a complaint on May 24, 2013.  (ECF No. 1.)  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## DISCUSSION

Plaintiff's complaint alleges that, although Governor Jerry Brown has unveiled a plan to reduce prison overcrowding, he has not taken any action to comply with the Federal Court order.[1]  (Compl. 3, ECF No. 1.)  Plaintiff contends that if Governor Brown follows through with his plan to transfer inmates to county jails it will cause the county jails to have inadequate medical and mental health services.  (Id. at 4.)  Plaintiff seeks for any inmate sentenced to two years or less to serve six months in county jail and then do the remainder of their time on supervised release with ankle monitoring.  (Id. at 5.)  Plaintiff wants Governor Brown to be held in contempt of court to show that the Federal Court is serious.

Plaintiff may not pursue any claims for equitable relief or seek sanctions for violation of the orders in Coleman v. Davis, No. 2:90-cv-0520 LKK JFM P (E.D. Cal.), in this action.  Such

---

[1] The Court assumes that Plaintiff is referring to Coleman v. Brown, 2:90-cv-0520 LKK JFM P (E.D. Cal.), in which the State of California has been ordered to reduce the prison population.  2010 WL 99000 (E.D. Cal. Jan. 12, 2010).

claims must be pursued through the class counsel. Frost v. Symington, 197 F.3d 348, 358-59 (9th Cir. 1999); Crayton v. Terhune, No. C 98-4386 CRB(PR), 2002 WL 31093590, *4 (N.D. Cal. Sept. 17, 2002).

Liability under section 1983 exists where a defendant "acting under the color of law" has deprived the plaintiff "of a right secured by the Constitution or laws of the United States." Jensen v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000). While Plaintiff can pursue claims for violations of his rights, Plaintiff's allegations that Governor Brown violated the Coleman order does not give rise to claims under section 1983 for a violation of Plaintiff's federal rights.

Further government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 129 S. Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions. Iqbal, 129 S. Ct. at 1948; OSU Student Alliance v. Ray, 699 F.3d 1053, 1069 (9th Cir. 2012). In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. The conclusory allegations set forth in plaintiff's complaint do not state a cognizable claim for relief.

### III.

### CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are

1  alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th
2  Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a
3  right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

4        Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana,
5  Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987),
6  and must be "complete in itself without reference to the prior or superseded pleading," Local
7  Rule 220.

8        Based on the foregoing, it is HEREBY ORDERED that:
9      1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;
10     2.    Plaintiff's complaint, filed May 24, 2013, is dismissed for failure to state a claim
11         upon which relief may be granted under section 1983;
12     3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file
13         an amended complaint; and
14     4.    If Plaintiff fails to file an amended complaint in compliance with this order, this
15         action will be dismissed, with prejudice, for failure to state a claim.

17 IT IS SO ORDERED.

18   Dated: **February 21, 2014**

                                   UNITED STATES MAGISTRATE JUDGE